### LEWIS MANTELL v. BUCYRUS TELEPHONE CO.

1. ABUTTING OWNER'S RIGHTS IN PUBLIC STREET.

　An abutting property owner on a public street has, as an appurtenant of his property, rights in the street of which he can not be deprived without his consent, or upon full compensation and by due process of law.

2. GRANT TO TELEPHONE COMPANY SUBJECT TO OWNER'S RIGHTS.

　While the council of a city may grant to a telephone company the use of streets, under the limitations of sec. 3461, Rev. Stat., and other sections of that chapter, the use must be such as not to substantially interfere with the rights of an abutting owner.

3. INTERFERING WITH RIGHTS OF ABUTTING OWNERS—INJUNCTION.

　When a telephone company, by the use of a street, substantially deprives an abutting owner of property rights, such owner is not driven to his action at law, but may pursue the remedy which repairs the wrong by removing the cause of it. And his right to this remedy is not measured by the extent of the injury, nor by the necessity or convenience of the company to whom the use is granted.

HEARD ON ERROR.

NORRIS, J.

The plaintiff in error, Lewis Mantell, who was plaintiff below, is the owner in fee simple of a part of lot No. 212 in this city. The property is business property located on east side of Main street. The property as a business property is very valuable, and the structure thereon, a small frame building, is used as a grocery store by plaintiff's tenant. The plaintiff says he purchased this property shortly before the injuries of which he complains, with the intention and for the purpose of very soon thereafter erecting thereon a new and commodious business building. He says in his original petition, that defendant, without his knowledge or consent, for the purpose of its business, placed in front of said premises and inside of the curb, and occupying a part of the pavement in front of said premises, a telephone pole, of diameter of about two feet, and of height of about fifty feet. Upon this pole and from thence to others of its poles, defendant threatens to string wires with intent to permanently use this pole at this place as a part of its telephone plant in this city.

That this pole as thus placed is an injury to his said property; that it occupies the pavement and obstructs the view, and remaining there

deprives him of the use of that portion of the pavement and street; and that the stringing of wires and the use of said pole for the purposes intended will be a continuous aggravation of his injuries, and will usurp his rights, render useless his easement, and to that degree will destroy his property and its value, and that the injury is irreparable. Plaintiff asks that defendant be enjoined from stringing said wires and from using said pole for the purpose for which it was there placed. Upon this petition a temporary injunction was allowed, on April 8, 1898, by the probate court of this county. On April 25, 1898, plaintiff filed an amendment to his petition in which he alleges that defendant acted under a franchise which it claimed was granted to it by the city council of this city about March 15, 1898, in ordinance No. 166. This ordinance, defendant claims, was an extension of the privileges granted to it by a former ordinance; that this ordinance 166, which purports to extend the time for performance by defendant under the original ordinance giving the franchise, is of no validity because of failure to comply with sec. 1694, Rev. Stat. of this state; that its rights had expired, and that its acts of which he complains were without license or authority. He further says that at the time and when defendant was in the act of erecting said pole, upon his objection, defendant pretended to desist and to abandon the purpose of placing said pole at the place where it now stands, and afterward, and in his absence and without his consent or knowledge, by stealth placed said pole in its position; and that he never did consent in writing or give his verbal permission to place the pole in its position. And he prays that defendant be enjoined from using said pole in said place, and from stringing wires thereon and prays that this court by its mandatory injunction order its removal.

Defendant answers and admits that it put the pole in the place and for the use recited in the petition, but it denies that the same is an injury to plaintiff's premises as claimed in his petition and the amendment thereto. It says, that Main street, or Sandusky avenue as sometimes called, is a dedicated street, but says it is a part of the Columbus and Sandusky turnpike, and that defendant has equal rights with plaintiff in its reasonable use. It denies that its rights under its franchise had expired by lapse of time and by non-compliance with the term of its grant, and it says that plaintiff has an adequate remedy at law.

The reply is in substance a denial of the allegation of the answer. On May 10, 1898, upon motion of defendant, the court of common pleas dissolved the temporary injunction which had been granted by the probate court. On May 11, upon the application of plaintiff, the order dissolving the temporary injunction was suspended by the consideration of this court in chambers.

Afterward, on May 3, 1899, the issues tendered by the pleadings with the evidence were submitted to the court of common pleas of this county without the intervention of a jury. Upon that hearing the trial court made its finding for the defendant. Plaintiff's motion for new trial was overruled, and the trial court gave judgment upon its finding for the defendant, dismissed plaintiff's petition, and adjudged the costs against him.

The plaintiff prosecutes error to the proceedings and judgment of the common pleas. The errors assigned are:

First: That the trial court overruled plaintiff's motion for new trial.

Second: Error in vacating the injunction and in deciding said cause in favor of the defendant.

Third: Error in the admission of evidence offered by the defendant.

Fourth: Error in rejecting evidence offered by the plaintiff.

Fifth: Error in refusing to assess damages in favor of the plaintiff.

Sixth: That the facts set forth in the answer are not a defense to plaintiff's action.

Seventh: That the decision of the court is contrary to law, and is not sustained by the weight of the evidence.

It is claimed by the defendant in error, that the pole was up and a part of the wires were in place before the commencement of this action. That defendant had invested its money in a business which was of necessity to the public and for the convenience of the public, and that to remove this pole, would be to the defendant a damage and disaster; and that hence the plaintiff comes too late with his complaint, and that intervening rights preclude the remedy here sought for the alleged injury.

It is conceded that the pole stands where plaintiff says it stands, in front of his premises inside the curb. That it occupies a part of the pavement in front of his property. It is conceded that upon it and the arms fastened to it are strung one hundred and sixty wires, all necessary to carry on the business of the defendant. It is there permanently, to be used permanently for the purpose intended by the defendant.

The fact is not controverted that it was placed there without plaintiff's consent, either written or verbal. He was not consulted about it. His rights, if he had any, were not taken into account; his wishes were not regarded. That he owned property there, or existed at all, was only considered in the light of what he might do, to retard defendant in occupying the street at that point. It appears by the evidence that no part of the work was done, to complete the present condition of defendant's plant at that place, while he was there to protest against it, but the work was done at times when it was known he was not there or likely to be there.

It does not appear, however, that he slept upon his rights, every moment of time since he had knowledge of the acts of defendant, appears to have been spent by him in an effort to obtain legal redress for his alleged injury, and to prevent its consummation and perpetuation and continuance. The defendant was just as industrious in thwarting him and in taking possession and retaining it. So it does not come with favor from the defendant that the wrong, if it was a wrong, has been done, and that to undo the wrong will injure the perpetrator of it.

Corporations of the character of defendant, have legal rights, which the courts have not been slow to recognize and enforce. They may acquire rights to use public ways, which the law does not deem inconsistent; but all this is subservient to the paramount object for which roads and streets are laid out and dedicated. Such use must not incommode the public in the use of the same. Every use is subservient to public travel, and all rights acquired for any other purpose are postponed and subject to this paramount right of the public. The right to use a street for the purposes for which defendant uses this street is limited so far as mode and manner of the use is concerned, by agreement made with the municipal authorities, or under the direction of the probate court. But aside from all this. The owner of abutting property has an

Mantell v. Telephone Co.

appurtenant of his property, a part of it and belonging to it, rights in a public street, which the city council cannot give away ; and of which he may not be dispossessed without his consent, but only by due process of law, and upon full compensation.  By no use to which the street can be legally or illegally put, can his rights pass from him without making him whole.  That some private individual or corporation may be inconvenienced, or that the public may be prevented from enjoying a luxury, is not the plea which takes from a man his property rights without compensation, and gives them to another or to the public.

In the case at bar it is conceded that the defendant put this pole in the place where it stands without Mantell's consent.  The evidence does clearly show that the pole and the wires and the arms upon the pole affect his property as he claims; perhaps not to the extent he claims, but in the manner and to a degree, it interferes with and usurps and dispossesses him of his property rights.

While the city council may grant the use of the streets to a telephone company, it cannot grant the use of plaintiff's property to a telephone company.  Nor can the telephone company so use it against his will and without his consent and without compensation.  The use here is without his consent and without compensation.

That defendant with a strong hand placed its pole and strung its wires is a fact as feeble as the breath of a child, when confronted with the rights which this plaintiff here seeks to enforce.  That the city council granted it the privilege to use the street, as against his rights, goes for naught.  That his injury is not to the extent of complete confiscation of his estate is not to be considered.  That the community will not be benefited or that the defendant will be injured if justice be done him, is no defense.

The ordinance if it is valid as extended is not an agreement fixing the mode of the use of the street and public grounds.  It is not an agreement between the city council and defendant.  It appears to be an unqualified surrender of the rights of the municipality in its public places so far as it was able to do so.  It speaks of purposes, restrictions and rules which the city authorities have never fixed or prescribed.

So that if an agreement of the city council could in any event bind this plaintiff, no such agreement appears to have been made, either by the ordinance, or its extension, or in compliance with them.

We are therefore of the opinion that the finding and judgment of the common pleas is against the weight of the evidence and against the law of the case.  We find error in overruling the motion for new trial. No other error appears in the record.  Giving judgment on the undisputed material facts of the case which the trial court should have given we make the injunction perpetual, and make the mandatory order, that the defendant within sixty days from the rising of this court, remove said pole and wires, and adjudge the costs against the defendant in error.

*L. C. Feighner*, for plaintiff.

*Harris & Sears*, for defendant.